UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| |
|---|
| VALDISSA ROBINSON, et al., |
| Plaintiff, |
| -against- |
| NEW YORK STATE COURT APPELLATE DIVISION SECONDARY JUDICIAL, |
| Defendant. |

23-CV-1849 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff brings this *pro se* action, on behalf of herself and her minor child,[1] alleging that Defendant New York State Appellate Division, Second Department, violated Plaintiff's rights in Brooklyn, New York. For the following reasons, the Court transfers this action to the United States District Court for the Eastern District of New York.

## DISCUSSION

Under 28 U.S.C. § 1391(b), a civil action may be brought in

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

---

[1] Plaintiff includes in her complaint her minor child's full name, in violation of Rule 5.2 of the Federal Rules of Civil Procedure. Accordingly, the court's Clerk's Office has restricted electronic access to the complaint to the parties of the action.

The Court notes that Plaintiff cannot assert claims on behalf of her minor child proceeding *pro se*, unless she is a licensed and registered attorney. *See Cheung v. Youth Orchestra Found. of Buffalo, Inc.*, 906 F.2d 59, 61 (2d Cir. 1990); *Tindall v. Poultney High Sch. Dist.*, 414 F.3d 281, 284 (2d Cir. 2005) (holding that it is "a well-established general rule in this Circuit that a parent not admitted to the bar cannot bring an action pro se in federal court on behalf of his or her child").

For venue purposes, a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff alleges that Defendants violated her rights in connection with an appeal from a child abuse and neglect matter in Kings County Family Court. Because she does not plead the residence of any of the individual defendants, the Court cannot assume that all of the defendants reside in New York State. Thus, it is unclear whether venue is proper in this District under Section 1391(b)(1). The Court can assume, however, that venue is proper in the Eastern District of New York under Section 1391(b)(2) because Plaintiff asserts that the alleged events giving rise to her claims occurred in Brooklyn, Kings County, which falls within the Eastern District of New York. *See* 28 U.S.C. § 112.

Even if this District is a proper venue, the Court may transfer the case to any other district where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following ten factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors). A plaintiff's choice of forum

is accorded less deference where the plaintiff does not reside in the chosen forum and the operative events did not occur there. *See Iragorri v. United Tech. Corp.*, 274 F.3d 65, 72 (2d Cir. 2001).

Under Section 1404(a), transfer appears to be appropriate in this case because the underlying events occurred in Brooklyn where it is reasonable to expect that all relevant documents and witnesses would be located. The Eastern District of New York appears to be a more convenient forum for this action. Accordingly, the Court transfers this action to the United States District Court for the Eastern District of New York. 28 U.S.C. § 1404(a); *see D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Eastern District of New York.

Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this Court.

This order closes this case.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   March 9, 2023
          New York, New York

                                              /s/ Laura Taylor Swain
                                                LAURA TAYLOR SWAIN
                                            Chief United States District Judge